## In re LAWSON.
### Patent Appeal No. 2207.

Court of Customs and Patent Appeals
April 14, 1930.

See, also, 36 F.(2d) 525, 39 F.(2d) 667.

Emery, Booth, Janney & Varney, of Boston, Mass. (Irving U. Townsend, of Boston, Mass., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant's twelve claims for a patent for what is known as a split-work stocking or fabric were rejected by the Examiner and the Board of Appeals of the Patent Office, and from the decision of the Board of Appeals the unsuccessful applicant has appealed to this court. Claim 1 is regarded as representative and follows:

"1. A split work circular knit or tubular fabric having a split work parallel sided non-reinforced stripe, the width whereof does not exceed substantially one-sixth of the entire number of wales of the entire fabric, the stripe and the remaining portion of the fabric each being composed wholly of a distinct yarn, the loops of which are interconnected by suture seams in each course."

It will be noticed that the invention relates to a circular knit or tubular stocking or fabric. Some of the claims specify a fabric and the others a stocking. All the claims are for and include a narrow stripe as the most characteristic feature. Claims 1, 4, and 12 further specify that the stripe does not extend in width one-sixth of the circumference of the stocking. The claims were rejected on the following references: Shaw, 459,992, September 22, 1891; Place, 466,372, January 5, 1892; Landenberger, 1,111,658, September 22, 1914; Ames, 1,252,983, January 8, 1918; Dubied, German, 265,513, October 7, 1913. These references are discussed in the decision of the Examiner and more briefly in the decision of the Board. The Board concluded as follows:

"At most appellant is believed to have merely made an obvious selection, not involving invention, of features disclosed in the various references."

We agree with this view. The application here is for a patent on an article which is shown by the references to be old. The claims under consideration here do not involve a method. In Patent Appeal No. 2274 (In re Lawson) 39 F.(2d) 667, decided concurrently herewith, substantially the same invention was under consideration, except the stripe in the present application extends upwards on the leg of the stocking and is a continuation of the stripe which was, in the appeal above cited, characterized as a "high-splice," and which was inserted in the foot of the stocking above the heel. We held there that even though the process was patentable, the article itself, in view of the prior art, was unpatentable. The reasoning in that case, we think, decides this one.

Appellant's application is anticipated by the references relied upon by the Board of Appeals, and its decision is affirmed.